UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-CV-60178-Rosenbaum/Seltzer

YAQUELIN MURADAS and
JOSE A. HERNANDEZ
Plaintiffs,

vs.

M&T BANK AND MCCALLA
RAYMER, LLC,
Defendants
_____/

# AMENDED COMPLAINT

Plaintiffs, Yaquelin Muradas and Jose A Hernandez, by and through their undersigned attorney, sue Defendants M&T Bank ("M&T") and McCalla Raymar, LLC ("McCalla") for malicious prosecution and defamation of credit.

## Introduction

Defendant M&T Bank (hereafter "M&T") and Defendant McCalla Raymer, LLC (hereafter "McCalla"), the latter acting as attorney for M&T, filed a foreclosure action against Plaintiffs. M&T erroneously claimed that a mortgage loan was in default for failure to make monthly payments. In fact payments had been timely made. Plaintiffs' attorney advised M&T of its errors *before* the foreclosure action was filed, and provided proof of payments. Plaintiffs' attorney tendered and continued to tender all payments due on the loan for several months thereafter. Yet, even after being advised of its errors, M&T still commenced foreclosure. The apparently perjurious foreclosure complaint was verified, under the penalties of perjury, by an M&T banking officer. It was only after Plaintiffs' attorney filed and Answer that the foreclosure action was dismissed.

1

**Parties**

1. Plaintiffs are of age and reside in Broward County, Florida.

2. Defendant M&T is a banking corporation that is incorporated under the laws of the State of New York.

3. Defendant McCalla is a Georgia limited liability company.

**Jurisdiction and Venue**

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), since the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. There is complete diversity of citizenship: Plaintiffs are citizens of Florida; Defendant M&T is a citizen of New York; and Defendant McCalla a citizen of Georgia.

6. Venue is correct under 28 U.S.C. § 1391(a)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

**General Allegations**

7. On or about April, 16, 2007 Plaintiffs executed a mortgage (the "Mortgage") in favor of Bank of America N.A. (the "Mortgagee") encumbering a residence in Broward County Florida now wholly owned by Plaintiff Muradas ("Muradas"). The mortgage loan called for payments consisting of principal and interest of $811.59 per month through May, 2047 (the "Monthly Payments").

8. Prior to 2011 Muradas had arranged for Monthly Payments to be automatically deducted from her checking account and paid to the Mortgagee via online fund transfers.

9. On February 7, 2012 the Mortgagee assigned the Mortgage to M&T. Neither the Mortgagee nor M&T notified the Plaintiffs of the transfer.

10. Monthly Payments from Muradas's account were made, via online transfer, to and accepted by the Mortgagee for all of 2011 and for January, February, March and April of 2012

11. The Monthly Payment for May, 2012 was tendered to the Mortgagee on April 27, 2012, via online transfer, but was returned by the Mortgagee to Muradas's account.

12. Muradas had no way to learn of the return of the Monthly Payment until June of 2012 when she received her monthly statement.

13. In a letter dated June 21, 2012 addressed to Muradas's residence, McCalla, on behalf of M&T, demanded $13,947.19, to "reinstate" the Mortgage. A copy of that letter is attached as Exhibit A.

14. Plaintiffs' attorney, in a letter dated June 26, 2012 to McCalla, notified McCalla that the Mortgage was not in default, provided proof that payments had been made through and including the payment due on April 1, 2012, and that payment had been tendered for the Monthly Payments due in May and June of 2012, but returned. Plaintiffs' attorney, at the same time, tendered a bank check in the amount of the Monthly Payments due for May, June and July of 2102. A copy of that letter is attached as Exhibit B.

15. Plaintiffs' attorney subsequently tendered the Monthly Payments due for the months August, September and October of 2012 to McCalla.

16. Upon information and belief McCalla notified M&T of the correspondence from Plaintiffs' attorney and of the Monthly Payments he tendered.

17. On or about October 3, 2012 M&T, through its attorney McCalla, filed a Lis Pendens and Verified Complaint for Mortgage Foreclosure against Plaintiffs in the Circuit Court of the Seventeenth Judicial District of Florida in and for Broward County, Case No. 12027864, entitled M&T Bank, Plaintiff, vs. Jose Hernandez A/K/A Jose A. Hernandez, Yaquelin Muradas et al,. Defendants (the "Foreclosure Action"). A copy of the Lis Pendens and Complaint are attached hereto as Exhibit C.

18. The Complaint in the Foreclosure Action was signed by Peter J. Kapsales, Esq. on behalf of McCalla.

19. The Complaint was verified and signed on behalf of M&T by Karen Clark, Banking Officer. Above the signature line it states: " UNDER PENALTY OF PERJURY, I declare that I have read the foregoing and that the facts alleged therein are true and correct to the best of my knowledge and belief."

20. The Complaint alleged that the Mortgage was in default for failure to make payments due on February 1, 2012 and all subsequent months. No other default was alleged.

21. In fact, all payments due on the Mortgage at the time of filing the Complaint were paid or duly tendered.

22. Upon information and belief, M&T and McCalla knew at the time of the filing of the Foreclosure Action that all payments due on the Mortgage were paid or duly tendered and that the Mortgage was not in default.

23. On December 11, 2012 Muradas' attorney filed and served an answer to the Complaint denying that the Mortgage was in default and alleging affirmative

defenses of payment and failure by M&T to provide the notice of default called for by the Mortgage, a condition precedent to filing the Foreclosure Action. At the same time Plaintiffs' attorney served a request for production of documents upon M&T.

24. On or about December 21, 2012, McCalla, on behalf of M&T, filed a notice of voluntary dismissal of the Foreclosure Action. A copy is attached as Exhibit D.

## COUNT I
## MALICIOUS PROSECUTION BY PLAINTIFFS
## AGAINST M&T

25. Plaintiffs repeat and re-allege the allegations of paragraphs 1 through 24, inclusive.

26. The voluntary dismissal operated as a bona fide termination of the Foreclosure Action in favor of Plaintiffs.

27. There was an absence of probable cause for and no evidentiary basis for the Foreclosure Action.

28. The Foreclosure Action was commenced with malice toward Plaintiffs.

29. The signing and filing of the erroneous and apparently perjurious Complaint by M&T constituted intentional misconduct and gross negligence, a wanton and reckless disregard for Plaintiffs' legally protected rights and interests and a willful attempt to injure the Plaintiffs.

30. By reason of the filing of the false and apparently perjurious Complaint in the Foreclosure Action M&T proximately and irretrievably damaged the Plaintiffs, their reputations in the community where they live, Broward County, Florida, their employment opportunities, their ability to earn a living, lease an automobile, or

residence, purchase goods and services using credit, and undertake a host of other transactions that are reliant on one's credit.

31. Plaintiffs, as a direct and proximate result of M&T's conduct, have been humiliated, frightened, shamed and intimidated, and have suffered great mental pain and anguish.

32. Upon information and belief, M&T actively and knowingly participated in the foregoing conduct.

33. Upon information and belief, the officers, directors or managers of M&T knowingly condoned, ratified or consented to the foregoing conduct.

34. Upon information and belief M&T engaged in the foregoing conduct that constituted intentional misconduct and gross negligence and that contributed to the loss, damages, or injuries suffered by the Plaintiffs.

WHEREFORE, each of the Plaintiffs demand judgment against M&T for compensatory damages of One Million ($1,000,000) Dollars and punitive damages of Five Million ($5,000,000) Dollars.

### COUNT II
### MALICIOUS PROSECUTION BY PLAINTIFFS
### AGAINST McCalla

35. Plaintiffs repeat and re-allege the allegations of paragraphs 1 through 24, inclusive.

36. The voluntary dismissal operated as a bona fide termination of the Foreclosure Action in favor of Plaintiffs.

37. There was an absence of probable cause for and no evidentiary basis for the Foreclosure Action.

38. The Foreclosure Action was commenced with malice toward Plaintiffs.

39. The signing and filing of the erroneous and apparently perjurious Complaint by McCalla constituted intentional misconduct, and gross, a wanton and reckless disregard for Plaintiffs' legally protected rights and interests and a willful attempt to injure the Plaintiffs.

40. McCalla neglected to investigate the facts and law prior to making the determination to file the Foreclosure Action.

41. No reasonable lawyer would have regarded the claim for foreclosure as tenable.

42. By reason of the filing of the erroneous and apparently perjurious Complaint in the Foreclosure Action McCalla proximately and irretrievably damaged the Plaintiffs, their reputations in the community where they live, Broward County, Florida, their employment opportunities and ability to earn a living, lease an automobile, or residence, purchase goods and services using credit, and undertake a host of other transactions that are reliant on one's credit.

43. Plaintiffs, as a direct and proximate result of McCalla's conduct, have been humiliated, frightened, shamed and intimidated, and have suffered great mental pain and anguish.

44. Upon information and belief, McCalla actively and knowingly participated in the foregoing conduct.

45. Upon information and belief, the officers, directors or managers of McCalla knowingly condoned, ratified or consented to the foregoing conduct.

46. Upon information and belief McCalla engaged in the foregoing conduct that constituted intentional misconduct and gross negligence and that contributed to the loss, damages, or injuries suffered by the Plaintiffs.

WHEREFORE, each of the Plaintiffs demand judgment against McCalla for compensatory damages of One Million ($1,000,000) Dollars and punitive damages of One Million ($1,000,000) Dollars.

## COUNT III
## DEFAMATION OF CREDIT BY PLAINTIFF HERNANDEZ AGAINST M&T

47. Plaintiff Hernandez repeats the allegations of paragraphs 1 through 24, inclusive.

48. Upon information and belief on or before October of 2012 M&T published to credit agencies, including but not limited to Experian, Equifax and Transunion, the assertion that the Mortgage note executed by Hernandez was in default and past due and that as result thereof foreclosure had been instituted.

49. The Mortgage note was not in default or past due.

50. M&T had actual knowledge that the Mortgage was not in default or past due and that there was a high probability that injury or damage would result to Hernandez if it published false credit information about him. M&T willfully and maliciously and/or negligently published incorrect and derogatory credit, account and other information concerning Hernandez to the above mentioned credit agencies.

51. As a result of M&T's furnishing of such false credit information to credit reporting agencies Hernandez's credit was directly and proximately damaged, causing him to incur additional credit costs and preventing him from enjoying normal consumer and business transactions.

52. Upon information and belief, M&T actively and knowingly participated in the foregoing conduct.

53. Upon information and belief, the officers, directors or managers of M&T knowingly condoned, ratified or consented to the foregoing conduct.

54. Upon information and belief M&T engaged in the foregoing conduct that constituted intentional misconduct and gross negligence and that contributed to the loss, damages, or injuries suffered by Hernandez.

WHEREFORE, Plaintiff Hernandez demands judgment against M&T for compensatory damages of One Million ($1,000,000) Dollars and for punitive damages of One Million ($1,000,000) Dollars.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand trial by jury of all matters triable by a jury.

Dated: March 28, 2013

THOMAS L. DAVID, P.A.

By: s/ Thomas L. David
Attorney for Plaintiffs
4800 South LeJeune Road
Coral Gables, Florida 33146
305/371-6600
Email: td@davidcapital.com
Fl. Bar # 213969