UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-60178-CIV-ROSENBAUM/HUNT

YAQUELIN MURADAS and
JOSE A. HERNANDEZ,

 Plaintiffs,

v.

M&T BANK and MCCALLA RAYMER, LLC,

 Defendants.
_____/

**ORDER ON DEFENDANT'S MOTION TO DISMISS
COUNT II OF AMENDED COMPLAINT**

 This matter is before the Court on Defendant McCalla Raymar LLC's ("McCalla") Motion to Dismiss Count II of Plaintiffs' Amended Complaint [D.E. 17].  The Court has carefully reviewed the motion, the filings supporting and opposing the motions, and the other materials in the case file.  For the reasons stated below, the Court denies McCalla's Motion to Dismiss.

**I. Background**

 Plaintiffs Yaquelin Muradas and Jose A. Hernandez filed an Amended Complaint on April 1, 2013, alleging claims against M&T Bank ("M&T") and McCalla.  Count II, the only count against McCalla, accuses McCalla of malicious prosecution and seeks compensatory and punitive damages.  D.E. 14.

 In 2007, Muradas and Hernandez executed a mortgage with Bank of America, N.A. ("Bank of America").  *See* D.E. 14, ¶ 7.  The monthly payments on the mortgage were made via online payments from Muradas's bank account.  *Id*. ¶¶ 8, 10.  Bank of America assigned the mortgage to

M&T in February 2012 but, according to Plaintiffs, never notified Plaintiffs of the mortgage transfer and sent subsequent notices to an incorrect address. *See id.* ¶ 9, 14-2 at 1. As Hernandez and Muradas were not aware of M&T's status as the new mortgagee, they continued to make scheduled payments online to Bank of America. D.E. 14, ¶¶ 10-11. Bank of America accepted the payments for February, March, and April but sent notifications to Hernandez—at the same incorrect address—alerting him to the change of mortgagee, stating, "We recently received your payment on the above referenced loan and forwarded this payment to the new servicer. However, please note that future payments may be returned to you." *Id.* ¶ 10; *e.g.* D.E. 14-2 at 8. Plaintiffs claim that they never received these notices and, because the payments were still being accepted, neither Hernandez nor Muradas learned of any problem until their June 2012 statement revealed that the May 2012 payment had been returned to Muradas's account. D.E. 14, ¶¶ 11-12.

On June 21, McCalla, on behalf of M&T, sent a letter to Hernandez demanding $13,947.19 to reinstate the mortgage. *Id.* ¶ 13. On June 28, Plaintiffs' attorney responded to McCalla, explaining, with accompanying documentation, that payments had been made through April and that the payments for May and June had been tendered and returned. *Id.* ¶ 14; D.E. 14-2. Plaintiffs' attorney included in the letter a check for the payments due in May, June, and July. D.E. 14, ¶ 14. Plaintiffs' attorney subsequently sent McCalla the payments for August, September, and October. *Id.* ¶ 15.

On October 3, 2012, M&T, through McCalla, in the Seventeenth Judicial Circuit Court in and for Broward County, Florida, filed a *Lis Pendens* and a Verified Complaint for Mortgage Foreclosure ("foreclosure") against Plaintiffs. *See id.* ¶ 17; D.E. 14-3. The Notice of *Lis Pendens* and the Complaint were signed by Peter Kapsales, Esq., on behalf of McCalla. D.E. 14, ¶ 18. Paragraph 6 of the Complaint states, "There is a default under the terms of the Note and Mortgage

for failure by the original mortgagor, the current property owner, or anyone on behalf of those liable on the Note and Mortgage to make the payment due on February 1, 2012, and all subsequent payments." D.E. 14-3 at 4.  No other default was alleged.  *See id.*  Plaintiffs assert that at the time of the filing of the foreclosure action, M&T and McCalla knew that all payments due were, in fact, paid or tendered and the mortgage was not in default.  D.E. 14, ¶ 22.  On December 11, Plaintiffs filed an answer to the Complaint, denying that the mortgage was in default and alleging affirmative defenses of payment and failure by M&T to provide notice of default.  *Id.* ¶ 23.  On December 21, McCalla filed a notice of voluntary dismissal of the foreclosure.  *Id.* ¶ 24.

In the instant case, in the malicious prosecution count against McCalla, Plaintiffs allege, *inter alia*, that 1) no probable cause supported the foreclosure, 2) Defendants commenced the foreclosure against Plaintiffs with malice, 3) McCalla's signing and filing of the erroneous Complaint constituted "intentional misconduct, and . . . a wanton and reckless disregard" for Plaintiffs' rights and interests, and 4) McCalla's behavior has caused Plaintiffs to suffer humiliation, shame, and mental pain and anguish, and has damaged Plaintiffs reputations, employment opportunities, and credit abilities.  *Id.* ¶¶ 35-43.

McCalla has moved to dismiss Count II of Plaintiffs' Amended Complaint for failure to state a claim upon which relief can be granted.  *See* D.E.17.  In particular, McCalla contends that it was not a "party" to the foreclosure action, that Plaintiffs failed to demonstrate that they instigated the filing of the foreclosure with malice, that McCalla was diligent in providing information to M&T and filed the foreclosure complaint only after being instructed to do so by M&T, that Plaintiffs did not demonstrate that they suffered any damages resulting from the existence of the *lis pendens* on their property between October and December 2012, and that Plaintiffs failed to show that Defendants filed for foreclosure without probable cause, or with intent to injure the Plaintiffs.  *See*

3

D.E. 17, ¶¶ 4-11. Plaintiffs filed a response to McCalla's Motion. *See* D.E. 18. McCalla did not file a reply brief in support of its Motion.

## II.     Discussion

### A.     Standard for Motion to Dismiss

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). The Supreme Court has emphasized "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002). Upon engaging in this analysis, a court should deny a motion to dismiss where the pleading asserts non-conclusory, factual allegations, that, if true, would push the claim "across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680 (quoting *Twombly*, 550 U.S. at 570) (quotation marks omitted); *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570) (explaining that allegations in a complaint "must . . . contain sufficient

4

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"). A claim is facially plausible when the plaintiff's factual allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### B. Standard for Malicious Prosecution Claim

To plead a claim for malicious prosecution under Florida law, Plaintiffs must allege the following elements:

> (1) an original criminal or civil judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damage as a result of the original proceeding.

*Alamo Rent-A-Car, Inc. v. Mancusi*, 632 So. 2d 1352, 1355 (Fla. 1994). "The failure of a plaintiff to establish any one of these six elements is fatal to a claim of malicious prosecution." *Id.*

### C. Analysis of Plaintiffs' Claim

After reviewing the Amended Complaint, the Court finds that Plaintiffs' allegations meet the requirements of Rule 8(a), and Plaintiffs have sufficiently stated a claim for malicious prosecution. The first and third elements are not in dispute and are sufficiently pled. *See* D.E. 17; *see also* D.E. 14, ¶¶ 17, 24.

With regard to the second element, Plaintiffs have alleged that McCalla filed the foreclosure against Hernandez and Muradas on behalf of M&T. D.E. 14, ¶¶ 17-18. McCalla contends, however, that it "was not the Plaintiff in the foreclosure action" and, therefore, the second element is not satisfied. D.E. 17, ¶ 4. But Florida courts have held that attorneys filing lawsuits can still be liable for malicious prosecution even when they are not the actual plaintiffs in the suits that they file. *See*

*Rushing v. Bosse*, 652 So. 2d 869, 875 (Fla. 4th DCA 1995) (holding that attorneys filing a lawsuit may be held liable for malicious prosecution if "the evidence establishes that they instituted a claim which a reasonable lawyer would not regard as tenable or unreasonably neglected to investigate the facts and law in making a determination to proceed").

Here, Plaintiffs have pled that their attorney sent a letter notifying McCalla that the mortgage was not in default, provided McCalla with proof that payments through April 1 had been paid and the payments for May and June had been tendered and returned, and sent McCalla a check for the payments due for May, June, and July 2012. D.E. 14, ¶ 14. Based on these facts, Plaintiffs assert that McCalla "knew at the time of the filing of the Foreclosure Action that all payments due on the Mortgage were paid." D.E. 14, ¶ 22. This fact, taken as true, means that the foreclosure action, based on the failure to make monthly payments, was untenable from its inception.

Nor do McCalla's contentions that it was acting on M&T's instruction after M&T investigated the payments, D.E. 17, ¶ 7, and that it notified Plaintiffs of an escrow shortage, which, having not been paid, allegedly provided a reasonable basis to file foreclosure, *id.* ¶ 8, alter the analysis. These arguments are defenses to be litigated and do not demonstrate the insufficiency of Plaintiffs' pleading. Rather, Plaintiffs' Complaint adequately alleges facts supporting the second element of a malicious prosecution claim.

The next elements to consider include probable cause for the original proceeding and malice on the part of McCalla. *Mancusi*, 632 So. 2d at 1355. These elements can be examined together: "In an action for malicious prosecution it is not necessary for plaintiff to prove actual malice; legal malice is sufficient and may be inferred from, among other things, a lack of probable cause . . . ." *Id*. at 1357; *Reed v. State*, 837 So. 2d 366, 369 (Fla. 2002) (holding that legal malice merely requires proof of an intentional act performed without legal justification or excuse, and such malice may be

6

inferred from one's acts and does not require proof of evil intent or motive); *Morgan International Realty, Inc. v. Dade Underwriters Insurance Agency*, 617 So. 2d 455, 458 (Fla. 3d DCA 1993) (holding that malice may be either actual or subjective malice or legal malice, which may be inferred from circumstances such as the want of probable cause, even though no actual malevolence or corrupt design is shown). In a malicious-prosecution action against an attorney, "it is the attorney's reasonable and honest belief that his client has a tenable claim that is the attorney's probable cause for representation, and not the attorney's conviction that his client must prevail." *Endacott v. Int'l Hospitality, Inc.*, 910 So. 2d 915, 920 (Fla. 3d DCA 2005).

McCalla contends that Plaintiffs have not shown that McCalla engaged in its actions "with the intent to injure." D.E. 17, ¶ 10. But, under the law, McCalla's argument is irrelevant. If McCalla lacked probable cause to file the foreclosure Complaint and those facts are sufficiently pled, the "malice" element is satisfied—intent to injure is not necessary and need not be pled. Here, Plaintiffs sufficiently allege the lack of probable cause. *See* D.E. 14 ¶, 20-22. In their Amended Complaint, Plaintiffs aver that all required payments were paid or tendered and that McCalla knew this. *Id*. As discussed above, this sufficiently asserts that the foreclosure action was untenable, meaning Plaintiffs have alleged McCalla, as attorneys, lacked probable cause to file the foreclosure action. *Id*. ¶ 37. Accordingly, the Court finds that the Amended Complaint meets the requirements for the fourth and fifth elements.

Finally, the Court analyzes the sixth element—Plaintiffs' damages allegations. McCalla argues that "none of the allegations stated in the [C]omplaint show that the Lis Pendens . . . caused any damages to the Plaintiffs." D.E. 17, ¶ 9. Contrary to McCalla's suggestion, Plaintiffs' factual allegations of damages are sufficient. Plaintiffs claim that McCalla's actions damaged their reputations, their employment opportunities, and their ability to lease an automobile or residence or engage in other credit-reliant transactions. D.E. 14, ¶ 42. Plaintiffs further contend that McCalla's

conduct has "humiliated, frightened, shamed, and intimidated" them and caused them "great mental pain and anguish." *Id.* ¶ 43. Thus, the Complaint plainly pleads the damages that Plaintiffs suffered as a result of McCalla's initiation of the foreclosure action. As Plaintiffs have sufficiently alleged all elements of malicious prosecution that, if true, would entitle them to relief, Count II of the Amended Complaint shall not be dismissed.

### III. Conclusion

For the foregoing reasons, it is **ORDERED** and **ADJUDGED** that Defendant's Motion to Dismiss Count II of Plaintiffs' Amended Complaint [D.E. 17] is **DENIED.**

**DONE AND ORDERED** at Fort Lauderdale, Florida, this 25th day of June 2013.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies to:

The Honorable Patrick M. Hunt

Counsel of Record